IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL CARTER, # 111975, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:12cv129-TMH |
| ) | (WO) |
| KEITH REED, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a petition under 28 U.S.C. § 2254 for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama.

### I. INTRODUCTION AND PROCEDURAL HISTORY

On April 5, 2011, the petitioner, Daniel Carter ("Carter"), pled guilty in the Houston County Circuit Court to two counts of second-degree possession of a forged instrument, in violation of § 13A-9-6, Ala. Code 1975. On that same date, the trial court sentenced Carter, as a habitual offender with three or more prior felony convictions, to 15 years in prison for each count, with the sentences ordered to run concurrently with each other and with sentences Carter was serving for prior convictions. Carter did not file a direct appeal.

On or about October 31, 2011, Carter filed with the trial court a *pro se* petition for post-conviction relief pursuant to Ala.R.Crim.P. 32, in which he asserted that his trial counsel had rendered him ineffective assistance by (a) "fail[ing] to investigate," (b) "fail[ing] to have a mental evaluation," (c) "fail[ing] to prepare a defense under drug disease," and (d) being

absent during crucial stages of the criminal proceedings. (*Ex. 2A at 7.*)[1] After receiving a response from the State (*Ex. 2C*), the trial court entered an order denying Carter's Rule 32 petition on December 8, 2011. (*Ex. 2B at 1.*) Carter did not appeal the denial of his Rule 32 petition.

On or about February 9, 2012, Carter initiated this 28 U.S.C. § 2254 action by filing a petition for a writ of habeas corpus asserting the following claims:

>  1. His trial counsel rendered ineffective assistance by failing to inform the trial court that Carter was a candidate for drug treatment.
>
>  2. His trial counsel told him that if he pled guilty to the charges of possessing a forged instrument, he would receive probation.
>
>  3. His sentence, when compared to similarly situated white defendants, suggests that the trial court discriminated against him because he is African American.

(*Doc. No. 1 at 1-2.*)

The respondents argue that all of Carter's claims are procedurally defaulted because Carter failed to present these claims to the state courts in accordance with the State's procedural rules. (*Doc. No. 11.*) Specifically, the respondents assert that Carter failed to exhaust any of his claims by asserting them in a direct appeal or in an appeal from the trial court's denial of his Rule 32 petition. (*Id. at 5-7.*) The respondents further assert that because any attempt by Carter now to exhaust his unexhausted claims in state court would

---

[1] Unless otherwise indicated, all references to exhibits are to Respondents' Exhibits included with the respondents' answer, Doc. No. 11.

be barred under Alabama's procedural rules, and would therefore be futile, Carter's claims are procedurally defaulted. (*Id. at 7-10.*) Carter was afforded an opportunity to reply to the respondents' arguments (*see Doc. No. 12*), but failed to do so.

Upon consideration of the § 2254 petition, the parties' submissions, and the applicable federal law, the court determines that no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes that Carter's petition should be denied because the claims he raises are procedurally barred from federal review.

## II.  DISCUSSION

As indicated above, the respondents argue that all of Carter's claims for federal habeas relief are procedurally defaulted because Carter failed to present the claims to the state courts in accordance with the State's procedural rules. (*See Doc. No. 11.*) Of the three claims Carter presents in his § 2254 petition, the only claim he arguably raised in any form in the state courts is his claim that his counsel was ineffective for failing to inform the trial court that Carter was a candidate for drug treatment – a claim conceivably at least similar to the claim in Carter's Rule 32 petition that counsel was ineffective for "failing to prepare a defense under drug disease." (*See Ex. 2A at 7.*) However, Carter did not appeal the trial court's denial of his Rule 32 petition to the Alabama Court of Criminal Appeals. Therefore, he failed to properly exhaust this claim in the state courts. Likewise, his habeas claims concerning (a) his trial counsel's alleged assurances to him that he would receive probation

and (b) the trial court's alleged racial bias in sentencing were not properly exhausted in the state courts, and indeed were never raised at all in the state courts.

"[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Nothing in *Boerckel's* reasoning suggests that a different rule should apply in state post-conviction appeals as opposed to direct appeals." *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003) "Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions within the scope of the *Boerckel* rule." *Smith v. Jones*, 256 F.3d 1135, 1140 (11th Cir. 2001).

Because any attempt by Carter to return to state court to exhaust his unexhausted claims would be barred under Alabama's procedural rules – it is too late for Carter to raise the claims on direct appeal, *see* Ala.R.Crim.P. 4(a)(1); a second Rule 32 petition would be successive, *see* Ala.R.Crim.P. 32.2(b); and his claims would also be subject to other procedural bars in Rule 32, *see* Ala.R.Crim.P. 32.2(a)(3)-(5) – all of Carter's claims are procedurally defaulted. "It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure ... constitutes a procedural bar." *McNair v. Campbell*, 416 F.3d 1291, 1305 (11th Cir. 2005). *See Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when a petitioner fails to properly exhaust claims in state court and is barred from raising claims

in state court by applicable procedural rules, such claims are procedurally defaulted); *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999) ("[F]ederal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile."); *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [federal courts must] ... treat those claims now barred by state law as [procedurally defaulted with] no basis for federal habeas relief.").

This court may reach the merits of Carter's procedurally defaulted claims only in two narrow circumstances:

> First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting from the default. *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); [*Wainwright v.*] *Sykes*, 433 U.S. [72,] 87 [(1977) ].... Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96. A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id*."

*Henderson*, 353 F.3d at 892.

### *Cause and Prejudice*

"To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Id*.; *Crawford v. Head,* 311 F.3d 1288,

5

1327-28 (11th Cir. 2002).

*Henderson*, *supra*, 353 F.3d at 892.

"For cause to exist, an external impediment, whether it be governmental interference or the reasonable availablity of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Carter has not shown that some external impediment prevented him from raising and pursuing his claims properly in state court. Indeed, he makes no attempt to meet his burden of establishing cause for his procedural default. Consequently, he has failed to overcome the procedural default of his claims. Nevertheless, this court may still reach the merits of Carter's procedurally defaulted claims in order to prevent a fundamental miscarriage of justice.

### *Fundamental Miscarriage of Justice*

A federal court may grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray v. Carrier,* 477 U.S. 478, 495-96 (1986). A "fundamental miscarriage of justice" occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *See Henderson*, 353 F.3d at 892.

The miscarriage of justice standard is directly linked to actual innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Actual innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a

petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *Schlup v. Delo*, *supra*. "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States*, 523 U.S. 614, 623 (1998). The standard exacted by *Schlup* "is demanding and permits review only in the '"extraordinary"' case." *House v. Bell*, 547 U.S. 518, 538 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of defaulted claims." 547 U.S. at 537. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." 513 U.S. at 324.

Carter fails to make the requisite showing of actual innocence and makes no attempt to do so. He presents no evidence – nor suggests that any exists – that could satisfy the difficult standard set forth in *Schlup*. Consequently, his procedurally defaulted claims are foreclosed from federal habeas review.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by Carter (*Doc. No. 1*) be DENIED.

2. This case be DISMISSED with prejudice.

It is further

ORDERED that on or before March 10, 2014, the parties may file objections to the Recommendation. Objections must specifically identify the findings in the Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in this Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d

1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to September 30, 1981).

DONE, this 24th day of February, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE